UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GEOFFERY COLE; and ADMIRAL'S EXPERIENCE, INC.,<br><br>　　　　　　　　　　Defendants. | Case No. 23-cv-1862-BAS-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (ECF No. 22)** |

Before the Court is Plaintiff G & G Closed Circuit Events, LLC's ("Plaintiff" or "G&G") motion for costs and attorney's fees. (ECF No. 22.) For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

**I.　BACKGROUND**

On October 11, 2023, Plaintiff, an international distributor of sports and entertainment programming, initiated this action against Defendants Geoffery Cole ("Cole") and Admiral's Experience, Inc. ("Admiral's") (collectively, "Defendants") for their alleged unauthorized and unlawful interception and exhibition of Plaintiff's sports and entertainment programming at Defendants' commercial establishment, Chefs SD. (ECF No. 1.) In its Complaint, Plaintiff asserted causes of action against Defendants for an alleged violation of 47 U.S.C. § 605 and for a common-law claim of conversion. (*Id.*)

Defendants were served on March 1, 2024 (ECF Nos. 9, 10), but nevertheless failed to appear or respond to the Complaint.

The Clerk of Court entered default against Defendants on Plaintiff's motion (ECF No. 13), and Plaintiff then moved for default judgment against Defendants and requested leave to file a motion for costs and attorney's fees (ECF No. 16). The Court granted Plaintiff's motion for default judgment as to the statutory cause of action, but not for the common-law claim of conversion, and granted Plaintiff's request to file a motion for fees and costs. (ECF No. 19.) Plaintiff then timely filed its present motion for costs and attorney's fees. (ECF No. 22.) Defendants have not filed any opposition to the present motion or otherwise appeared in this action.

## II.   DISCUSSION

In its present motion, Plaintiff seeks an award of costs in the amount of $2,928.08 and attorney's fees in the amount of $8,826.00. (ECF No. 22 at 7.) Plaintiff argues it is entitled to this award because 47 U.S.C. § 605 requires courts to award costs and attorney's fees to a prevailing aggrieved party. (*Id.* at 3–4.) The Court finds that Plaintiff is an aggrieved party under Section 605 and that it has prevailed in this action through default judgment. *See* 47 U.S.C. § 605(d)(6) ("[T]he term 'any person aggrieved' shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming. . . .").

In support of its request for an award of costs and attorney's fees, Plaintiff filed a declaration of counsel, an itemized list of costs and attorney's fees incurred in this matter, as well as other relevant documentary evidence. (ECF No. 22-1.) Plaintiff's costs include investigative expenses ($770), process server fees ($1,703.38), FedEx shipping charges ($52.70), and filing fees ($402). (*Id.* at ¶¶ 8–10 & Exs. 1–3.) Plaintiff's enumerated costs appear to have been necessary to the proper prosecution of this action, and Section 605 requires courts to "direct the recovery of *full* costs" to the prevailing party, 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added). Therefore, the Court concludes these costs are recoverable.

1       Before awarding Plaintiff its attorney's fees, however, the Court must determine the
2   reasonableness of such fees. 47 U.S.C. § 605(e)(3)(B)(iii).
3       When courts award attorney's fees mandated by federal statute, they presumptively
4   apply the lodestar method for calculating those fees. *Hensley v. Eckerhart*, 461 U.S. 424,
5   433 (1983) abrogated on other grounds by *Tex. State Tchrs. Ass'n. v. Garland Indep. Sch.
6   Dist.*, 489 U.S. 782 (1989). This method requires the court to determine if the number of
7   hours spent was reasonable and if the hourly rate charged by the attorney was reasonable.
8   *Id.* The party seeking the award of fees must provide evidence "supporting the hours
9   worked and rates claimed." *Id.*
10      To determine a reasonable hourly rate, the court should consider the "experience,
11  skill, and reputation of the attorney requesting fees" and "be guided by the rate prevailing
12  in the community for similar work performed by attorneys of comparable skill, experience,
13  and reputation." *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 908 (9th Cir.
14  1995). Courts in this District have held that a range of rates from $450.00 to $750.00 per
15  hour are reasonable for a senior partner. *See G&G Closed Circuit Events, LLC* v. Zarazua,
16  No. 20cv00816-LAB-MSB, 2022 WL 3019859, at *2 (S.D. Cal. Jul. 29, 2022) (approving
17  an hourly rate of $550 for Thomas Riley); *see also Obesity Rsch. Inst., LLC v. Fiber Rsch.
18  Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2016 WL 1573319, at *2 (S.D. Cal. Apr. 18, 2016)
19  (approving hourly rates of $625 and $725 for partners); *see also Youngevity Int'l Corp. v.
20  Smith*, No. 16-cv-0070-BTM-JLB, 2018 WL 2113238, at *5 (S.D. Cal. May 7, 2018)
21  ("Courts in this district have held a range of rates from $450–750 per hour reasonable for
22  a senior partner in a variety of litigation contexts and specialties."). Because counsel,
23  Thomas Riley, is a senior partner and his hourly rate of $600 falls within this range, the
24  Court finds it reasonable.
25      As for the number of hours billed, G&G provides sufficient evidence to establish
26  that G&G is entitled to $8,826.00 in attorney's fees and costs. (ECF No. 22-1, Exs. 1–3);
27  *see Hensley*, 461 U.S. at 433.
28

## III.    CONCLUSION

Plaintiff's motion for fees and costs is **GRANTED**. (ECF No. 22.) The Court awards costs in the amount of $2,928.08 and attorney's fees in the amount of $8,826.00.

**IT IS SO ORDERED.**

**DATED: April 18, 2025**

_____
**Hon. Cynthia Bashant, Chief Judge
United States District Court**